# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: 8:19-cr-540-T-30AAS |
| v. | USM Number: 28208-086 |
| **MICHAEL PRIME** | David T. Weisbrod, Retained |

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One, Two, and Three of the Information. Defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. §§ 1029(a)(4) and (c)(1)(A)(ii) | Access Device Fraud-Production, Trafficking, and Possession of Counterfeit Device-Making Equipment | September 29, 2018 | One |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | September 29, 2018 | Two |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of Firearms and Ammunition | September 29, 2018 | Three |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

June 25, 2020

_____
JAMES S. MOODY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

June 25, 2020

Michael Prime
8:19-cr-540-T-30AAS

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY-FIVE (65) MONTHS**. This term consists of a 41-month term (46-month term minus 5-month credit for time served) as to Counts One and Three and a 24-month term as to Count Two, with Count Two to run consecutively to all other counts.

The Court makes the following recommendation to the Bureau of Prisons:

Confinement at Terminal Island FCI.

Defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Michael Prime**
**8:19-cr-540-T-30AAS**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THIRTY-SIX (36) MONTHS**. This term consists of a 36-month term as to Counts One and Three and a 24-month term as to Count Two, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Probation Officer. Defendant must submit to random drug testing not to exceed 104 tests per year
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Michael Prime
8:19-cr-540-T-30AAS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Michael Prime
8:19-cr-540-T-30AAS

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, Defendant is directed to submit to random drug testing.

2. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

4. Defendant shall provide the Probation Officer access to any requested financial information.

5. Defendant shall submit to a search of your person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

6. Defendant shall refrain from engaging in any employment requiring access to individual's personal identifying information.

Michael Prime
8:19-cr-540-T-30AAS

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $300.00 | N/A | $2,000.00 | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Fine: Defendant shall pay fine in the amount of $2,000.00. While in Bureau of Prisons custody, the Defendant shall either (1) pay at least $25 quarterly if the Defendant has a non-Unicor job or (2) pay at least 50% of the Defendant's monthly earnings if the Defendant has a Unicor job. Upon release from custody, the Defendant is ordered to begin making payments of $200 per month and this payment schedule shall continue until such time as the Court is notified by the Defendant, the victim or the government that there has been a material change in the Defendant's ability to pay. The Court finds that the Defendant does not have the ability to pay interest and the Court waives the interest requirement for the fine.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, attached hereto, that are subject to forfeiture.

---

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        Case No. 8:19-cr-540-T-30AAS

MICHAEL PRIME

### FINAL ORDER OF FORFEITURE

The United States moves under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, for a final order of forfeiture for the following assets which were subject to a February 27, 2020 preliminary order of forfeiture (Doc. 32):

a. Black pistol with the following grip markings: PF940C Polymer80, INC;
b. Eleven (11) rounds of CBC 9mm Luger.
c. Twenty (20) rounds of CCI 22LR Subsonic Hollow Point;
d. Fifty (50) rounds of 22 WIN Mag Subsonic Lead Hollow Point;
e. Twenty (20) rounds of Sig 40 S&W;
f. Two (2) rounds of BHA 9mm Luger;
g. Eight (8) rounds of JAG 9mm Luger;
h. Four (4) rounds of CBC 9mm contained in PMAG magazine;
i. Black pistol with barrel marking 9x19 (no other visible markings);
j. Tan pistol with the following grip markings: PF940C Polymer80, INC;
k. Twenty-five (25) rounds of CBC 9mm Luger contained in 30 round Glock extended magazine;
l. Twenty-seven (27) rounds of BHA 9mm Luger contained in ETSGROUP extended magazine;

  m. Twenty-one (21) rounds of JAG 9mm Luger contained in ETSGROUP extended magazine;
  n. Seven (7) rounds of CCI 9mm Luger;
  o. One (1) round of JAG 9mm Luger;
  p. One (1) shoulder rig holster;
  q. Fifteen (15) rounds of Gorilla 9mm Luger contained in ETSGROUP magazine;
  r. Five (5) rounds of Gorilla 9mm Luger; and
  s. Ten (10) rounds of BHA 9mm Luger.

In accord with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), Federal Rules of Criminal Procedure, beginning on February 29, 2020, and ending on March 29, 2020, the United States published notice of the forfeiture and of its intent to dispose of the assets on the official government website, www.forfeiture.gov. Doc. 40. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk, United States District Court, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication. No other persons or entities filed a petition or claimed an interest in the assets, and the time for filing such petition has expired.

The United States' motion is **GRANTED**. Under 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), Federal Rules of Criminal Procedure, all right, title, and interest in the assets are **CONDEMNED** and **FORFEITED** to the United States for disposition according to law. Clear title to the assets is now

vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 30th day of April, 2020.

*[Signature: James S. Moody, Jr.]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Suzanne C. Nebesky, AUSA
Counsel of Record